IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SAMSON SLADE COSTIGAN,

        Plaintiff,

        v.

DR. ROBERT LAWERANCE,

        Defendant.

Case No. 3:24-cv-00038-SLG

## ORDER REOPENING CASE

On February 16, 2024, self-represented prisoner Samson Slade Costigan ("Plaintiff") filed a prisoner's complaint under the Civil Rights Act and a motion for court-appointed counsel.[1] On February 28, 2024, the Court issued an order notifying Plaintiff that his filing was deficient and gave him 30 days to either pay the filing fee of $405.00 or file an application to waive prepayment of the filing fee.[2] On April 1, 2024, the Court dismissed this case because Plaintiff had not cured the deficiency.[3] Then, on April 8, 2024, Plaintiff filed an amended complaint and a motion to proceed without prepaying the filing fee.[4] In interests of fundamental fairness, the Court will reopen this case.

---

[1] Dockets 1–2.

[2] Docket 3.

[3] Docket 4.

[4] Dockets 6–7.

As required by federal law, the Court will review the Complaint and issue a Screening Order that will indicate whether this case may proceed in the federal district court.  **Please note:  It can take anywhere from a few weeks to a few months for the Court to issue a Screening Order, depending on how many cases are filed with the Court at any given time.  Typically, cases are reviewed in the order in which they are received by the Court.**

Federal law requires a court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.  The screening laws, 28 U.S.C. §§ 1915, 1915A, provide that a complaint must be dismissed if the action is:

- frivolous or malicious;
- fails to state a claim on which relief may be granted; or
- seeks monetary relief from a defendant who is immune from such relief.

If the Court finds your filing deficient, the Court may provide a statement of the deficiencies and guidance on to how to fix them and give you an opportunity to file an amended complaint.  However, if the Court finds that the deficiencies cannot be fixed, the Court may dismiss the case without any further notice to you, or it may give you an opportunity to voluntarily withdraw your complaint.[5]

---

[5] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Case No. 3:24-cv-00038-SLG, *Costigan v. Lawerance*
Order Reopening Case
Page 2 of 5
Case 3:24-cv-00038-SLG   Document 8   Filed 04/18/24   Page 2 of 5

Please note, federal law[6] requires that self-represented prisoners receive a "strike" if the case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted."[7] Prisoners who receive three or more strikes cannot bring any other actions without prepaying the full filing fee unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."[8]

If the Court finds that plausible claims exist in the complaint, then the case can proceed to the next stage of litigation. The Court will then issue an Order Directing Service and Response that will explain the requirements of completing service of a Court-issued summons and copy of the complaint on each opposing party. The complaint must not be served on any opposing party until the Court so orders. All service must be completed in compliance with Rule 4 of the Federal Rules of Civil Procedure.

Until a Screening Order has been issued, the Court discourages the filing of any motions or additional documents with the Court. The Court cautions that filing unnecessary motions or other documents or attempts to serve other parties without

---

[6] 28 U.S.C.A. § 1915(g).

[7] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

[8] 28 U.S.C. § 1915(g). *See also Lomax v. Ortiz-Marquez, et al.* 590 U.S. ___, 140 S. Ct. 172 (2020) (holding that regardless of whether the dismissal is with prejudice or without prejudice, the dismissal of a prisoner's civil lawsuit, for failure to state a claim, counts as a strike under the PLRA's three-strikes rule for IFP status).

Case No. 3:24-cv-00038-SLG, *Costigan v. Lawerance*
Order Reopening Case
Page 3 of 5
Case 3:24-cv-00038-SLG   Document 8   Filed 04/18/24   Page 3 of 5

guidance from the Court, may result in the summary denial of motions, orders prohibiting such filings, or delay in the litigation.

**IT IS THEREFORE ORDERED:**

1. The Court's previous order at Docket 4 and Judgment at Docket 5 are each **VACATED.**

2. The Clerk of Court shall reopen this case.

3. Platintiff's application to proceed without prepaying the filing fee at Docket 7 is **GRANTED.**

4. The Court cautions that prisoners may only waive *prepayment* of the filing fee. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[9]

5. Should Plaintiff's claims pass through the required statutory screening, the Court shall issue a separate fee order that shall collect the entire filing fee incrementally from Plaintiff's prisoner trust account.[10]

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[11]

---

[9] 28 U.S.C. § 1915(b)(1)&(2).

[10] 28 U.S.C. § 1915(b) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

[11] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:24-cv-00038-SLG, *Costigan v. Lawerance*
Order Reopening Case
Page 4 of 5
Case 3:24-cv-00038-SLG   Document 8   Filed 04/18/24   Page 4 of 5

Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[12] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

DATED this 18th day of April 2024.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[12] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00038-SLG, *Costigan v. Lawerance*
Order Reopening Case
Page 5 of 5
Case 3:24-cv-00038-SLG   Document 8   Filed 04/18/24   Page 5 of 5