# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SAMSON SLADE COSTIGAN,

        Plaintiff,

v.

ROBERT LAWRENCE,

        Defendant.

Case No. 3:24-cv-00038-SLG

## ORDER REOPENING CASE

On September 2, 2025, the Court entered an Order of Dismissal in this case after Plaintiff failed to timely file a Notice of Change of Address.[1] On September 3, and before a final judgment had been entered, the Court received Plaintiff's motion to extend the deadlines in this case,[2] a Notice of Change of Address form,[3] and a motion requesting that mail sent by the Court to Plaintiff be identified as legal mail and requesting a copy of the Court's Local Civil Rules and any forms, packets, instructions to properly litigate his case.[4] Mr. Costigan claims the Warden at FCI Victorville, where Plaintiff is currently detained, introduced a new policy

---

[1] Docket 28. *See also* Docket 20 (ordering Plaintiff to file his Notice of Change of Address no later than 30 days from the Order dated June 5, 2025) and Docket 25 (ordering Plaintiff to "file the Notice of Change of Address form as soon as practicable and in no event later than August 1, 2025.").

[2] Docket 29.

[3] Docket 30.

[4] Docket 31.

requiring all incoming mail to be in white envelopes and limiting all incoming mail not from an attorney to five pages.[5] Mr. Costigan also claims that legal mail must be stamped with the phrase "must open in front of inmate" or a correctional officer will open the envelope and make copies of the contents.[6]

Mr. Costigan claims it can take months for him to receive his legal mail and that he did not receive the Notice of Change of Address form from the Court on July 17, 2025 for several weeks after it was sent to him.[7] Mr. Costigan also states he was in the "hole"[8] and did not have access to his mail or a phone from July 17, 2025 through August 17, 2025.[9]

In the intertest of fairness—because the Court received the Notice of Change of Address the day after it issued the Order of Dismissal and final judgment has not been issued in this case—the Court's order at Docket 28 is VACATED. However, for the reasons explained in this order, Plaintiff's motions at Dockets 29 and 31 must be DENIED.

I. **Plaintiff's Motion to Extend at Docket 29 is DENIED.**

In his motion at Docket 29, Mr. Costigan claims he has thousands of pages of discovery that would take months for his wife to send to him five pages at a time,

---

[5] Docket 29.

[6] Docket 29 at 1.

[7] Docket 29 at 1.

[8] Docket 30.

[9] Docket 29 at 2.

Case No. 3:24-cv-00038-SLG, *Costigan v. Lawrence*
Order Reopening Case
Page 2 of 6
Case 3:24-cv-00038-SLG    Document 32    Filed 09/15/25    Page 2 of 6

so the alleged FCI Victorville policy limiting his mail will cause delays in his ability to represent himself.[10] The Court recognizes that discovery is a critical phase in litigation. To that end, on July 3, 2025, the Court granted Plaintiff's motion to stay this case until June 13, 2026.[11] Plaintiff's claims are based on events that allegedly occurred in June 2023,[12] and he cannot reasonably expect that this matter will be delayed indefinitely.[13]  To the extent Plaintiff is now seeking to stay this case past June 13, 2026, that request is DENIED.  The Court will consider any future requests to further delay these proceedings based on the circumstances presented when the stay is set to expire next June.  In the event that such a request is made, the Court will consider a party's diligence in proceeding with work on the case during the current stay.

## II. Plaintiff's Motion at Docket 31 is DENIED

At Docket 31, Plaintiff filed a motion seeking a copy of the Court's Local Civil Rules and any forms, packets, or instructions that the Court or the Clerk's Office believe will help him properly litigate his case. Plaintiff also requests that mail sent by the Court be identified as legal mail and stamped with the phrase, "open in front

---

[10] Docket 29 at 2.

[11] Docket 25.

[12] Docket 1 at 3.

[13] *See De Long v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir. 1990). *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (noting that a plaintiff has the burden "to move toward... disposition at a reasonable pace).;*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (emphasizing the public's interest in the expeditious resolution of litigation and a court's need to manage its docket).

Case No. 3:24-cv-00038-SLG, *Costigan v. Lawrence*
Order Reopening Case
Page 3 of 6
Case 3:24-cv-00038-SLG     Document 32     Filed 09/15/25     Page 3 of 6

of inmate."[14] A judge's role is to act as an impartial decisionmaker who cannot provide legal advice or act as a party's attorney.[15] Similarly, the Clerk's Office staff are prohibited by law from providing legal advice. Therefore, in the Ninth Circuit, "legal mail" is limited to correspondence between a prisoner and his lawyer.[16] Mail to or from a court is not considered legal mail and can be opened by prison officials outside a prisoner's presence without violating his First Amendment rights.[17]

The Court provides its template forms free of charge upon request and will provide copies of docket filings or court orders after payment of copying fees.[18] However, the Court does not provide copies of the District of Alaska Local Rules or the Federal Rules of Civil Procedure to litigants.[19] The rules are available

---

[14] Docket 31.

[15] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[16] *Keenan v. Hall,* 83 F.3d 1083, 1094 (9th Cir. 1996).

[17] *Hayes v. Idaho Corr. Ctr.,* 849 F.3d 1204 (9th Cir. 2017) (holding that mail from the courts, as contrasted to mail from prisoner's lawyer, is not "legal mail," and thus may be opened by prison employees outside prisoner's presence without violating his First Amendment rights).

[18] Pursuant to 28 U.S.C. § 1914, the Judicial Conference has adopted a schedule of fees for copying and related services provided by the United States District Courts. A fee of 50¢ per page is charged for court staff to reproduce any record or paper filed in a case. However, the Court does not allow litigants to accrue copy fees—payment is required at the time a request is made.

[19] Rule 83(a)(1) of the Federal Rules of Civil Procedure specifies that copies of local rules and amendments must be furnished to the judicial council and the Administrative Office of the United States Courts and be made available to the public. This provision ensures that local rules are accessible to anyone who seeks them, including self-represented litigants, but does not impose an obligation on the Court to send these rules directly to such litigants.

Case No. 3:24-cv-00038-SLG, *Costigan v. Lawrence*
Order Reopening Case
Page 4 of 6
Case 3:24-cv-00038-SLG     Document 32     Filed 09/15/25     Page 4 of 6

electronically, at various libraries, and are available for purchase online. Prisoners can inquire with the correctional facility's law librarian or legal resource officer about accessing copies of any rules or related caselaw.[20]

For these reasons, Plaintiff's motion at Docket 31 must be denied. The Court's internal procedures for sending mail to litigants are not subject to modification based on allegations regarding a third party's handling of mail.[21]

IT IS THEREFORE ORDERED:

1. The Court's previous order at **Docket 28 is VACATED**.

2. The Clerk of Court shall reopen this case.

3. Plaintiff's motions at **Dockets 29 and 31 are DENIED**.

4. On or before **June 13, 2026**, the date the stay is scheduled to be lifted, each party shall file a motion to enter an amended scheduling order, and attached a proposed amended scheduling order setting forth proposed amended deadlines for the resolution of this case.[22]

5. All litigants—including attorneys and self-represented litigants—are

---

[20] The constitutional right of access to the courts requires prison authorities to "provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977), but it does not impose an obligation "to finance and support prisoner litigation." *Lewis v. Casey*, 518 U.S. 343, 384–85 (1996).

[21] The Court sends all mail to self-represented litigants via First Class U.S. Mail. Depending on the contents, the Court may use a standard white envelope (approximately 4.33 x 8.66 inches, holding about 10–15 pages), a half-letter white envelope (approximately 5.75 x 8.75 inches, holding about 20–25 pages), or a large manila envelope (approximately 9 x 12 inches, holding about 50–75 pages).

[22] *See* Docket 13 (Scheduling Order).

Case No. 3:24-cv-00038-SLG, *Costigan v. Lawrence*
Order Reopening Case
Page 5 of 6
Case 3:24-cv-00038-SLG     Document 32     Filed 09/15/25     Page 5 of 6

expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska Local Civil Rules, and all Court orders.[23]

6. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion.[24] Except for alternative requests for relief or as otherwise provided by rule or order of the Court, each motion must only contain one request for relief and must be filed separately.[25] For nondispositive motions—motions that do not resolve the main claims or end the case—a litigant should include a proposed order that sets forth the precise relief the party is seeking by that motion.[26]

DATED this 15th day of September, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[23] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[24] *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must ... state with particularity the grounds for seeking the order" and "state the relief sought."); *see also* Alaska Local Civil Rule 7.1(a) (requiring all written motions and oppositions to include "a brief statement" of the requested relief and supporting authorities).

[25] Local Civil Rule 7.1(e); *see also* Local Civil Rule 5.1(f)(2).

[26] *See* Local Civil Rule 7.1(b)(2).

Case No. 3:24-cv-00038-SLG, *Costigan v. Lawrence*
Order Reopening Case
Page 6 of 6
Case 3:24-cv-00038-SLG     Document 32     Filed 09/15/25     Page 6 of 6